In the will of Carolyn Schmoker, the fourth paragraph provides: "I give and bequeath to Effie Slegel * * * the sum of two thousand dollars, she may also have the privilege of selecting any of my Jewelery, Clothing or Furniture." *Page 6 
Among the more valuable pieces of jewelry and clothing belonging to the decedent at the time of her death are diamond and sapphire rings, a sealskin coat and mink coat.
The testatrix named James G. Slegel, the husband of the beneficiary, as her executor, and as such executor he brings this suit for construction of the quoted paragraph of the will.
Ulric Frey is by the will bequeathed the residue of the estate, "both personal and real." It is his solicitor's contention that by a proper construction of the paragraph of the will Mrs. Slegel is entitled to only one piece of either jewelry, clothing or furniture. On the other hand, the solicitor for the beneficiary maintains that she is entitled to take all of the decedent's jewelry, clothing or furniture if she so chooses.
In Funk Wagnalls New Standard Dictionary, among other definitions, the word "any" is defined as "One or some (indefinitely); one or more persons, things, or portions (indefinitely) out of a number; an indefinite demonstrative."
The word "select" is defined in the same dictionary, among other definitions to mean "To choose or pick out something from a number; make a selection."
The word "select" "* * * means to choose, and take from a number, to cull; to pick out or take from among a number; * * * to take some particular part or number from a greater." 57 Corp.Jur. 106.
Many indeed are the decisions construing the word "any" and "select" or "selecting" as those words appear in statutes, contracts and wills. When construing words appearing in a will, while giving such words their commonly accepted meaning, the court must strive to find what was the intention of the testatrix, and when ascertained, that intention must be given effect.
If, as contended for by the solicitor for the residuary legatee, the testatrix intended Mrs. Slegel to have one piece of either jewelry, clothing or furniture, or if she intended that Mrs. Slegel was to have all of her jewelry, clothing or furniture, as argued by Mrs. Slegel's solicitor, she would have said so. Nor do I agree with the solicitor for the defendant Ulrich Frey, that because of the disjunctive word "or" between the words clothing and furniture, the testatrix *Page 7 
intended to confine the privilege of selection conferred upon Mrs. Slegel to either jewelry, clothing or furniture. It is not a word, it is the intent of the testatrix manifested in her will, that is sacred and must prevail. The word "or" will be construed in that paragraph to mean "and." "This power of changing or
into and, and vice versa, in order to maintain the express general intent of the testator, is founded on judicial decisions that run back for more than two hundred years, as this court formerly observed, in the case of Den v. Taylor, 2 So. 420.
* * *" Den, ex dem. Brown v. Mugway, 15 N.J. Law 330.
In my judgment the testatrix intended by the clause in question that Mrs. Slegel was to have the privilege of selecting such pieces of jewelry, clothing and furniture as she may care to take, but not all. It will be so decreed.